UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE OTIS GIBSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5985** |
| **CORNELIUS REGAN** | **SECTION: "J"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Clarence Otis Gibson, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He sued Cornelius Regan, the state court judge who presided over his state criminal trial.[1] In his complaint, plaintiff states his claim as follows:

> On date 2-12-09 a jury found me guilty of sexual battery in Judge Cornelius Regan courtroom section B but on 4-3-09 Judge Cornelius Regan sentenced me in accordance a verdict that wasn't stipulated by the jury of my trial although the jury did have the option to decide/choose the verdict the judge sentenced me under. In pertinent to the jury's verdict, I was to be sentenced to a no more than 10 years prison time but Cornelius Regan sentenced me to a no less than 25 years prison term.[2]

---

[1] Plaintiff has filed several other lawsuits against Regan. See, e.g., Gibson v. Regan, Civ. Action No. 23-3339 (E.D. La.) (which United States Magistrate Judge Michael B. North has recommended be dismissed for failure to prosecute); Gibson v. Regan, Civ. Action No. 23-5402 (E.D. La.) (in which plaintiff was denied leave to proceed as a pauper); Gibson v. Regan, Civ. Action No. 23-5600 (E.D. La.) (which remains deficient). Plaintiff has also sued the prosecutor involved in his state criminal case, Gibson v. Kenneth, Civ. Action No. 23-5401 (which Magistrate Judge North has recommended be dismissed as frivolous and for failing to state a claim upon which relief can be granted), the Court of Appeal judges who affirmed his conviction and sentence, Gibson v. Fifth Circuit Court of Appeals Judges, Civ. Action No. 23-6243 (E.D. La.) (which is currently in the screening process), and the Louisiana Supreme Court justices who denied his writ applications, Gibson v. Louisiana Supreme Court Justices, Civ. Action No. 23-1289 (W.D. La.) (which United States Magistrate Judge Mark L. Hornsby has recommended be dismissed as frivolous).

[2] Rec. Doc. 4, p. 4. Plaintiff's claim is related to a claim he previously asserted in his direct criminal appeal. The published opinion concerning that appeal states:

> The defendant contends that the trial court erred in sentencing him in accordance with the penalty provision of La. R.S. 14:43.1 C(2) rather than the penalty provision of La. R.S. 14:43.1 C(1).
> La. R.S. 14:43.1 defines sexual battery as:
>
> [T]he intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:

As relief, plaintiff requests that he be awarded $1,000,000,000.00 in damages.[3]

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

In addition, because plaintiff is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

La. R.S. 14.43.1 C(1) states that a person convicted of sexual battery "shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years." However, La. R.S. 14.43.1 C(2) states: "Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years." La. R.S. 14.43.1 C(2) additionally provides that at least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
    The defendant contends, and the state concedes, that the trial court sentenced him under the sentencing provision of La. R.S. 14.43.1 C(2). The defendant argues that the trial court erred in imposing the penalty because neither the jury's verdict nor the jury instructions referenced the additional age requirements of La. R.S. 14.43.1 C(2).

State v. Gibson, 38 So. 3d 373, 377-78 (La. App. 5th Cir. 2010). In considering that claim, the Louisiana Fifth Circuit Court of Appeal found that Judge Regan had in fact erred, stating: "We must conclude that the trial judge determined that the defendant was seventeen years of age or older and that the victim was under the age of thirteen. This result is forbidden by Apprendi [v. New Jersey, 530 U.S. 466 (2002),] and its progeny." Id. at 380. However, the Court of Appeal nevertheless affirmed the sentence, holding:

> The evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that the state proved beyond a reasonable doubt that the defendant was seventeen or older and that the victim was under the age of thirteen. Even though the trial court clearly committed an Apprendi violation, we conclude that the error was harmless.

Id. at 381 (citing Neder v. United States, 527 U.S. 1, 17 (1999)). The Louisiana Supreme Court thereafter denied the related writ application. State v. Gibson, 50 So. 3d 814 (La. 2010).
[3] Rec. Doc. 4, p. 5.

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, the statute similarly provides: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

Here, plaintiff seeks monetary relief ($1,000,000,000.00 in damages) from Regan, the presiding judge in his state criminal case, for an error made in that proceeding. However, "judicial officers enjoy absolute immunity from liability for damages for acts performed in the exercise of their judicial functions." Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995). In fact, it has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."). Here, it is beyond cavil that Judge Regan was acting within his jurisdiction as a judge of the Louisiana Twenty-Fourth Judicial Court and that his imposition of the sentence was a "judicial act." Moreover, although there is no indication whatsoever that Judge Regan committed the Apprendi error maliciously or corruptly, it must again be noted that his immunity would protect him even if he had. As esteemed Judge Alvin B. Rubin once explained:

> Judges may, and on occasion do, depart from their judicial roles and inflict grievous hurt on others. Often the allegations of misconduct by judges are hyperbolic and either untrue or unprovable; but sometimes … a person who is a judge intentionally commits a mischievous act. Nevertheless, while courts are not blind to the human vices that may lurk behind the robe, they have struck society's balance in favor of judicial immunity. A wrong committed by a judge might on occasion be remedied by holding the judge a tortfeasor. Much graver harm would be done to the justice system and consequently to the social fabric, however, by

requiring judges to account for the reasons why they took judicial action, and to absolve themselves from charges of improper motive or other impropriety. Absolute judicial immunity is an essential shield in a justice system that depends on its judges to exercise their functions with independence and without fear of consequences, not an apologia for the errant behavior of judges who act injudiciously or malevolently. To provide the broad protection that these important policies require, the Supreme Court has ruled that absolute immunity extends to all judicial acts unless such acts fall clearly outside the judge's subject-matter jurisdiction.

Thomas v. Sams, 734 F.2d 185, 189 (5th Cir. 1984) (footnotes and quotation marks omitted).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   31st   day of    October   , 2023.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**